**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **B&G GULF COAST PROPERTIES, LLC, and B&G LANDHOLDINGS, LLC** § § § § | | **PLAINTIFFS** |
| **VERSUS** § § | | **CAUSE NO. 1:10cv143-LG-RHW** |
| **DEMO DIVA, L.L.C.** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING
SECOND MOTION TO DISMISS AND MOTION TO TRANSFER**

BEFORE THE COURT is Defendant Demo Diva, L.L.C.'s Motion to Dismiss or Transfer Upon Ground of *Forum Non Conveniens* [10, 12]. Plaintiffs B&G Gulf Coast Properties, LLC, and B&G Landholdings, LLC, (collectively "B&G") bring claims for breach of contract, misappropriation of trade secrets, unjust enrichment, breach of good faith and fair dealing, and misrepresentation. Demo Diva argues that the Eastern District of Louisiana is a more convenient forum, because Demo Diva is from, and most of its business is conducted, there. The Court has considered the parties' submissions and the relevant legal authority. The motions are denied.

**FACTS AND PROCEDURAL HISTORY**

B&G Gulf Coast was formed as a Mississippi limited liability company in 2007. Its sole member is B&G Landholdings. B&G Landholdings is a limited liability company whose sole member is Robert Gillis, a Florida resident. Demo Diva is a limited liability company, whose sole member is Simone Bruni, a Louisiana resident.

The First Amended Complaint alleges that B&G created a list of people whose homes had been damaged by Hurricane Katrina and qualified for "Increased Costs of

Compliance funds available through the National Flood Insurance Program." (1st Am. Compl. at 2 (¶5)).  B&G marketed these "client leads" to certain contractors.  *Id.*

Demo Diva, a demolition contractor out of New Orleans, Louisiana, was one such contractor.  The First Amended Complaint alleges B&G entered into a series of contracts with Demo Diva in which it would pay B&G for client leads who resided in Mississippi and Louisiana and needed demolition work done.  Demo Diva terminated the contracts and allegedly refused to pay for all of the leads.  B&G claims Demo Diva immediately contacted the approximately 410 clients and informed them they were only to contact it and not to contact B&G any longer.  This "contact served to effectively damage the relationship between B&G and each client referred to Demo Diva to a point beyond repair, thus, effectively squelching B&G's ability to sell the client referrals to another party." *Id.* at 4 (¶11).  According to B&G, this is because:

> Routine business practice dictated that Demo Diva would only be responsible for compensating B&G for the demolition contracts actually received as a result of B&G's referral efforts.  Client referrals which did not result in demolition contracts for Demo Diva could be marketed to other construction companies. However, Demo Diva's actions caused said leads to be unmarketable to other companies using B&G's services.

*Id.* at (¶13).  B&G accuses Demo Diva of fraudulently entering the contracts with the purpose of misappropriating the client list and with no intention of paying for it.  The value of the misappropriated client list is alleged to be $1,004,815.00.

## DISCUSSION

Demo Diva argues that this case should either be dismissed or transferred to the United States District Court for the Eastern District of Louisiana on the basis of *forum*

*non conveniens*. That court sits in New Orleans. B&G responds the inconvenience to Demo Diva in trying the case one hour away in Gulfport, Mississippi, where this Court sits, does not satisfy *forum non conveniens*.

TRANSFER

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the statute implies, the Court has discretion in making this determination.

To determine whether transfer is appropriate, the Court first determines "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*). This action could have been filed in the Eastern District of Louisiana, because there is diversity jurisdiction, and Demo Diva is located in New Orleans. *See*, 28 U.S.C. §§ 1332, 1391(a)(1).

The next step is to consider whether the cause should be transferred to the Eastern District of Louisiana. *See*, *Volkswagen I*, 371 F.3d at 203. Demo Diva bears the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*). To satisfy this burden, Demo Diva:

> must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and

the district court should therefore grant the transfer.

*Id.* To determine whether there is a clearly more convenient forum, the Court considers private and public factors. *Id.* The private factors are:(1) relative ease of access to sources of proof, (2) availability of compulsory process to secure the attendance of witnesses, (3) cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public factors are: (1) administrative difficulties flowing from court congestion, (2) local interest in having localized interests decided at home, (3) familiarity of the forum with the law that will govern the case and (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

B&G's "choice of venue is not a distinct factor in the venue transfer analysis." *Id.* at n.10. Rather, B&G's choice is taken into account by the fact that there is a "significant burden on [Demo Diva] to show good cause for the transfer." *Id.*

I.  PRIVATE FACTORS

A.  RELATIVE EASE OF ACCESS TO SOURCES OF PROOF

Demo Diva argues that its business records are located in Louisiana. B&G responds that there are no large or cumbersome exhibits and that will be difficult or costly to ship. The parties agree that the 100 mile subpoena jurisdictions of this Court and the Eastern District of Louisiana offer no advantage over the other.

The record before the Court indicates that documentary evidence is located in New Orleans, Fort Myers, Florida, and in Hancock and Harrison County, Mississippi.

This Court sits in Gulfport, Harrison County, Mississippi, and neighbors Hancock County. The Court is more convenient for the evidence located in Mississippi. The Court is approximately 75 miles away from New Orleans. The Eastern District of Louisiana is more conveniently located for the documents located in New Orleans. This Court is closer to Fort Myers, which is approximately 700 miles away. This factor weighs in favor of this Court.

    B.  AVAILABILITY OF COMPULSORY PROCESS TO SECURE THE ATTENDANCE OF WITNESSES

The parties agree that neither the 100 mile subpoena jurisdiction of this Court nor of the Eastern District of Louisiana provides an advantage in this case. This factor is neutral.

    C.  COST OF ATTENDANCE FOR WILLING WITNESSES

Demo Diva argues that the cost of attending trial in Gulfport is more expensive for Demo Diva's witnesses, whom are alleged to be its employees, located in New Orleans. B&G responds that it has numerous non-party witnesses located in Mississippi. Demo Diva does not address the existence of the Mississippi witnesses.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance traveled." *Volkswagen I*, 371 F.3d at 204-05. Here, however, the existing venue for trial is only 75 miles away from the proposed venue.

The record indicates that witnesses are located in New Orleans, Hancock and

5

Harrison County Mississippi, and Fort Myers, Florida. Demo Diva's witnesses are alleged to be its employees. The Mississippi witnesses are all non-parties. "[A]mong party and non-party key-witnesses, a court should give greater weight to the availability and convenience of non-party, key witnesses." *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009); *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (holding "key witnesses are . . . employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial"). This factor weighs in favor of this Court.

    D. <u>ALL OTHER PRACTICAL PROBLEMS THAT MAKE TRIAL OF A CASE EASY, EXPEDITIOUS, AND INEXPENSIVE</u>

Demo Diva argues that trial in Gulfport would be inconvenient to Demo Diva and its employees because the extra travel time would take away from their work in New Orleans. This fact was already taken into consideration in the previous factor.

    E. <u>ENFORCEABILITY OF A JUDGMENT</u>

Demo Diva next argues any judgment won here would be more difficult to enforce. B&G responds it "has no problem exerting additional effort to enforce a judgment from the Southern District of Mississippi in another jurisdiction." (Pls.' Resp. at 7).

The private and public factors listed above is not exhaustive. *Volkswagen II*, 545 F.3d at 315. On the other hand, it is error to consider an issue that does not bear on the § 1404(a) analysis. *Volkswagen I*, 371 F.3d at 206 (reversible error to consider the

convenience of counsel). This issue is probative on "the convenience of the parties," particularly B&G; therefore, it is an appropriate factor for consideration.

Demo Diva maintains that it and all of its property is located in New Orleans and therefore "a money Judgment from the Southern District of Mississippi would require more effort to enforce." (Def.'s Mem. to Transfer at 10). Demo Diva gives no other argument or explanation for this factor. However, since B&G apparently concedes that enforceability is less convenient to B&G here, the Court finds it weighs in favor of transfer.

In sum, one of the private factors is neutral. The access to sources of proof and convenience of willing non-party witnesses weighs in favor of this Court. Only the enforceability of judgment weighs in favor of transfer.

## II. PUBLIC FACTORS

### A. ADMINISTRATIVE DIFFICULTIES FLOWING FROM COURT CONGESTION

The parties agree that there are no administrative difficulties. This factor is neutral.

### B. LOCAL INTEREST IN HAVING LOCALIZED INTERESTS DECIDED AT HOME

Demo Diva argues that Louisiana has an interest in this case and Mississippi has no interest in this case. B&G argues that Demo Diva created the interest when it contracted with Mississippi residents as a result of misappropriating their contact information from B&G and interfered with B&G's relationship with those residents.

It is undisputed that Louisiana has an interest in this case. The case concerns a Louisiana company, which is alleged to have breached a contract. Part of the

7

performance and alleged breach occurred in Louisiana. Part of the alleged torts occurred in Louisiana. About seventy-two percent of the allegedly misappropriated leads were from the Eastern District of Louisiana. However, only about forty-two percent of the misappropriated active leads were from there.

Also at issue in this case are claims by a company registered to do business in Mississippi, arising out of its business in this state. About fifty-eight percent of the misappropriated active leads were from the Southern District of Mississippi, while only about twenty-eight percent of the total misappropriated leads were from here. Part of the alleged tort occurred in this state, when Demo Diva allegedly contacted and interfered in B&G's business relationship with over one hundred Mississippi homeowners. There is competing evidence as to whether Demo Diva entered into any contracts within this district as a result. Thirty-seven additional purported contracts are signed only by the Mississippi homeowners within this division. B&G claims to have been deprived from commissions earned within this state.

Because both venues have localized interests in this case, this factor is neutral.

  C.  FAMILIARITY OF THE FORUM WITH THE LAW THAT WILL GOVERN THE CASE

The parties dispute which law applies in this case. Demo Diva argues that only Louisiana law applies because the first two agreements contained a Louisiana choice of law clause. B&G argues that Mississippi law applies because the final agreement contained no choice of law clause and because there are tort claims as well.

This case clearly involves an issue as to whether and what extent Louisiana and

Mississippi law apply to the contracts, although neither side alleges a conflict in the applicable contract law.  Even if Louisiana law were to apply to all of the contracts, Demo Diva does not address the tort claims.  B&G has made a claim specifically under the Mississippi Uniform Trade Secrets Act and has claimed that there are torts which occurred at least in part in Mississippi.  Therefore, the best that Demo Diva is able to demonstrate is that both laws apply to this case, making this factor neutral.

>   D.   AVOIDANCE OF UNNECESSARY PROBLEMS OF CONFLICT OF LAWS OR IN THE APPLICATION OF FOREIGN LAW

Demo Diva does not argue this factor.  For the first time on Rebuttal, Demo Diva maintained that there was a conflict between Mississippi and Louisiana law on the application of punitive damages and attorney fees.  Demo Diva does not argue that transfer resolves this conflict.  Indeed, since B&G has a claim under the Mississippi Uniform Trade Secrets Act, which statute allows for punitive damages, the issue of punitive damages remains in the case whether or not it is transferred.  Thus, this factor is neutral.

In sum, all of the public factors are neutral.  Overall, two factors are in favor of this Court, one factor is in favor of the Eastern District of Louisiana, and all remaining factors are neutral.  Demo Diva has failed to show that the Eastern District of Louisiana is "clearly more convenient" than this forum.  The motion to transfer is denied.

DISMISSAL

Alternatively, Demo Diva seeks dismissal on the basis of *forum non conveniens*.

To prove that a case should be dismissed on the basis of *forum non conveniens*, the Court considers the same factors as those for transfer under § 1404(a). *Volkswagen II*, 545 F.3d at 314. The burden of proof for dismissal, however, is higher. *Id.* at 313. Because Demo Diva has not satisfied the burden for transfer, Demo Diva cannot as a matter of law satisfy the burden for dismissal. The motion to dismiss is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above Defendant Demo Diva, L.L.C.'s Motion to Dismiss Upon Ground of *Forum Non Conveniens* [10] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Demo Diva, L.L.C.'s Motion to Transfer Upon Ground of *Forum Non Conveniens* [12] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2011.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge