IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

B&G GULF COAST PROPERTIES, LLC
and B&G LANDHOLDINGS, LLC                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO: 1:10CV00143-RHW

THE DEMO DIVA, LLC                                                     DEFENDANT

**DEFENDANT'S *DAUBERT* MOTION TO STRIKE OR LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT J. DANIEL HOLLIDAY**

COMES NOW Defendant The Demo Diva, LLC ("Diva"), by and through its counsel of record, and files this *Daubert* Motion to Strike or Limit the Testimony of Plaintiffs' Expert J. Daniel Holliday ("Holliday").  In support, Diva states:

**I.**

Plaintiffs, B&G Coast Properties, LLC and/or B&G Landholdings, LLC (collectively "B&G"), have designated Holliday as an expert economist. Holliday is expected to offer testimony that the leads B&G provided to Diva constituted intellectual property with value and that B&G sustained a loss. Holliday is then expected to testify concerning the total economic value of B&G's lost profits.

**II.**

Holliday admits he has no experience with calculating damages in this type of case, and that much of methodology utilized is either arbitrary or speculative. He opines that Diva damaged B&G's ability to market 175 "active" leads, but conducted no independent analysis to support his position. Additionally, he assigned a value to the "inactive" or "stale" leads based on

calculations associated with the "active" leads. Finally, he arbitrarily used a twenty per cent run off to calculate future damages, though he did not discount the alleged damages to present value. Expert testimony based on novel calculations and unsupported by research into the proper calculation methods is inadmissible. *See Christensen v. Geico Gen. Ins. Co.,* 209 U.S. Dist. LEXIS 81584 (N.D. Miss. Aug. 31, 2009).

### III.

Holliday also bases his opinion on inaccurate data and employs faulty assumptions. Certainly nothing in Rule 703 requires a court to admit an opinion based on facts that are indisputably wrong, and the law does not permit experts to base opinions upon factually inaccurate scenarios. *Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

### IV.

Finally, Holliday fails to use the best evidence available. *Daubert* and its progeny require experts to have a reliable basis for their opinions. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 592-94 (1993) (holding that expert testimony must be both relevant *and reliable*) (emphasis added); *see also Knox v. Ferrer,* 2008 WL 4411326, at *3 (S.D. Miss. Sept. 22, 2008) (finding that proof should be made by the best available evidence). Here, Holliday obtained his information solely from B&G, and failed to consider Diva's success rate in converting the leads to contracts. Rather, he considered the success rates of eleven other suppliers used by B&G. By failing to use the best evidence available, Holliday's proffered opinions cannot pass muster.

### V.

Diva attaches the following exhibits in support of this Motion:

    Exhibit A:    The February 3, 2009 Service Fee Agreement;

    Exhibit B:    The February 24, 2009 Agreement;

Exhibit C:	The March 2009 Agreement;

Exhibit D:	The Report of J. Daniel Holliday;

Exhibit E:	Excerpts of the Deposition of J. Daniel Holliday;

Exhibit F:	Diva's Status Report;

WHEREFORE, PREMISES CONSIDERED, Diva respectfully requests that its *Daubert* Motion to Strike or Limit the Testimony of B&G's Expert J. Daniel Holliday be granted.

THIS the 29th day of February, 2012.

        Respectfully submitted,

        The Demo Diva, LLC

        By Its Attorneys
        JONES, WALKER, WAECHTER, POITEVENT,
        CARRÈRE & DENÈGRE, L.L.P

        By:	s/ Jaklyn Wrigley
            JAKLYN WRIGLEY

## CERTIFICATE OF SERVICE

    I, Jaklyn Wrigley, of the law firm of Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P., do hereby certify that I have sent a true and correct copy of the foregoing *Daubert* Motion to Strike or Limit the Testimony of Plaintiffs' Expert J. Daniel Holliday by using the ECF system and/or by e-mail to the following:

K. Lee Stribling, Esquire  
Email: lee@striblinglawfirm.net  
Joseph M. Gianola, Esquire  
Email: josh@striblinglawfirm.net  
STRIBLING LAW FIRM, PLLC  
P.O. Box 260  
Sebastopol, MS 39359

    THIS the 29th day of February, 2012.

                                                                    s/ Jaklyn Wrigley  
                                                                    JAKLYN WRIGLEY

J. Henry Ros (MSB No.5668)  
Email: hros@joneswalker.com  
Jaklyn Wrigley (MSB No. 103773)  
Email: jwrigley@joneswalker.com  
JONES, WALKER, WAECHTER, POITEVENT,  
CARRÈRE & DENÈGRE L.L.P  
2510 14th Street, Suite 1125 (39501)  
Post Office Drawer 160  
Gulfport, MS  39502  
Telephone: (228) 864-3094  
Facsimile: (228) 864-0516