UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

B&G GULF COAST
PROPERTIES, LLC and
B&G LANDHOLDINGS, LLC                                         PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:10-cv-00143-RHW

THE DEMO DIVA, L.L.C.                                          DEFENDANT

### PLAINTIFFS' RESPONSE TO DEFENDANT'S *DAUBERT* MOTION TO STRIKE OR LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT J. DANIEL HOLLIDAY

COMES NOW, Plaintiffs, B&G Gulf Coast Properties, LLC and B&G Landholdings, LLC (collectively referred to as "B&G"), by and through the undersigned counsel and submits their Response to Defendant's Motion to Strike or Limit the Testimony of Plaintiffs' Expert J. Daniel Holliday. In support thereof, B&G would show unto the Court the following:

**I.**

On August 15, 2011, B&G designated J. Dan Holliday ("Holliday") as an expert in calculating the damages incurred by B&G Gulf Coast Properties, LLC and B&G Landholdings, LLC. B&G further identified Mr. Holliday as an expert in reviewing past financial records of companies and projecting future income or loss thereof. Mr. Holliday was not designated to nor will he offer an opinion as to causation or what constitutes intellectual property.

**II.**

The methodology employed by Mr. Holliday is logical, based upon sufficient data and facts, supported by law, and based upon the actual past performance data of B&G's other contractors. The Demo Diva, LLC's (hereinafter referred to as "Demo Diva") disagreement with the data used by Mr. Holliday is a credibility issue for the jury to consider, not a ground to bar

the admission of his testimony into evidence. *See United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1077 (5th Cir. 1996).

## III.

The burden of producing a present value calculation falls on Demo Diva. Mr. Holliday's decision not to perform a present value calculation is not grounds for exclusion of his testimony. *See Hankins v. Ford Motor Co.*, No. 3:08-cv-639-CWR-FKB (S.D. Miss. Jan. 20, 2012) and *West v. Drury Co.,* No. 2:07-cv-215, 2009 WL 1409461, *3 (N.D. Miss. May 20, 2009).

## IV.

Mr. Holliday's opinions are based on accurate data. Demo Diva relies entirely on the miscalculation of the number of active leads attached to B&G's Complaint. However, after accounting for the names which represent more than one lead, the number of active leads is accurate data.

## V.

In basing his opinions, Mr. Holliday relied upon the best evidence available to him and really the only available evidence in calculating the value of the leads at the time of Demo Diva's wrongful actions. But for Demo Diva's wrongful actions, B&G would have marketed the leads to other contractors. B&G would not have marketed the same leads to the same contractor that just said they did not want to do business anymore. Furthermore, Demo Diva's success rate is significantly lower than B&G's other contractors because Demo Diva was no longer privy to the additional services provided by B&G.

## VI.

Mr. Holliday's damage testimony is the product of reliable principles and methods and he has applied the principles and methods reliably to the facts of this case. In order to restore B&G

to its position pre-cancellation, Mr. Holliday used the best, and arguably the only, evidence available to prove what B&G would have realized from the sale of the leads to other contractors. Any questions relating to the bases and sources of Mr. Holliday's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.

## VII.

In support of this Response, the Plaintiffs offer their Memorandum in Support of their Response to Defendant's Motion to Strike and the following exhibits incorporated herein by reference:

- A.  Expert Report of J. Dan Holliday, II and all documents referenced therein, attached hereto as **Exhibit "A"**;
- B.  Demo Diva's email to all of B&G's leads dated February 3, 2010, attached hereto as **Exhibit "B";**
- C.  Affidavit of Bob Gillis, attached hereto as **Exhibit "C"**;
- D.  Deposition of Lee Bond, attached hereto as **Exhibit "D"**;
- E.  FEMA Memorandum extending ICC deadline, attached hereto as **Exhibit "E"**;
- F.  Substantial damage letters from City of Pascagoula, Jackson County, and Harrison County, attached hereto as **Exhibit "F"**;
- G.  Deposition of Simone Bruni, attached hereto as **Exhibit "G"**; and
- H.  Demo Diva's February 3, 2010, cancellation notice, attached hereto as **Exhibit "H"**.

WHEREFORE, PREMISES CONSIDERED, B&G respectfully requests that the Court deny Demo Diva's Motion to Strike and allow Mr. Holliday to offer his opinions as to B&G's damages at trial.

Respectfully submitted, this the 28th day of March, 2012.

                                    B&G GULF COAST PROPERTIES, LLC and
                                    B&G LANDHOLDINGS, LLC

                                 By: /s/ Joseph M. Gianola, Jr.
                                    K. Lee Stribling, (MSB # 102159)
                                    Joseph M. Gianola, Jr. (MSB #101972)

OF COUNSEL:
**STRIBLING LAW FIRM, PLLC**
P.O. Box 260
Sebastopol, Mississippi 39359
Phone: 601-625-9944
Fax: 601-625-9933
josh@striblinglawfirm.net

## CERTIFICATE OF SERVICE

I, Joseph M. Gianola, Jr., attorney for B&G Gulf Coast Properties, LLC and B&G Landholdings, LLC, do hereby certify that I have this date electronically filed the above and foregoing document using the ECF system, which sent notification of such filing to all counsel of record.

This the 28th day of March, 2012.

                                    /s/ Joseph M. Gianola, Jr.
                                    Joseph M. Gianola, Jr. (MSB# 101972)